DONALD W. FITZGERALD, State Bar No. 095348
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for the Chapter 11 Trustee,
David D. Flemmer

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

SOUZA PROPANE, INC.,

Debtor.

CASE NO.: 14-91633

Chapter 11

DCN: FWP-1

**[NO HEARING REQUIRED]**

**CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP AS BANKRUPTCY COUNSEL**

David D. Flemmer, the duly appointed Chapter 11 Trustee (the "Trustee") in the above-referenced case, hereby requests authority to employ Felderstein Fitzgerald Willoughby & Pascuzzi LLP ("FFWP") as his bankruptcy counsel and in support of this application respectfully represents the following:

1. This application is made pursuant to Bankruptcy Code sections 327 and 330, Bankruptcy Rules 2014, 2016 and 5002, and the Guidelines of the Office of the United States Trustee ("UST Guidelines").

**BACKGROUND**

2. Souza Propane, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 17, 2014 (the "Bankruptcy Case").

3. On January 22, 2015 the Bankruptcy Court entered its order approving the Trustee's appointment as the Chapter 11 Trustee for the Debtor's Bankruptcy Case pursuant to the request of the United States Trustee filed on January 22, 2015.

4. The Trustee seeks to retain FFWP as his general bankruptcy counsel in the Bankruptcy Case and has entered into, subject to Bankruptcy Court approval, the Contract for Legal Services with FFWP, which is attached as Exhibit 1 to the Exhibit Document filed with this application (the "Retention Agreement").

## REASON FOR SELECTION

5. The Trustee has requested the services of FFWP because of its expertise in the areas of insolvency, reorganizations, commercial transactions, and other debtor/creditor matters and the Trustee's confidence in FFWP's ability to effectively represent the Trustee based upon Trustee's experience with FFWP's attorneys over many years. FFWP's members have substantial knowledge and experience that will enable them to perform services of special benefit to the Trustee in a cost-effective manner. Details regarding the qualifications of FFWP may be found at FFWP's website, which address is as follows: www.ffwplaw.com.

## SCOPE OF FFWP'S EMPLOYMENT

6. The professional services which the firm will render to the Trustee in providing bankruptcy counsel generally include, but are not limited to, the following:

a. To advise and represent the Trustee with respect to bankruptcy matters and proceedings in this Bankruptcy Case;

b. To assist the Trustee in obtaining the use of cash collateral and potentially selling the Debtor's assets or business;

c. To assist the Trustee with the preparation and confirmation of a plan or plans of reorganization or liquidation; and

d. To advise and represent the Trustee with respect to possible motions for relief from stay filed by the Debtor's secured creditors.

7. FFWP has only been retained to provide those bankruptcy legal services reasonably required to represent the Trustee in this Bankruptcy Case. For example, FFWP does not provide advice in other areas of the law, such as tax, environmental or employment, or in non-legal matters such as business and financial planning, or asset protection ("Legal Areas Not Within Scope of Representation").

8. Although FFWP will coordinate with the Trustee on Bankruptcy Case issues related to Legal Areas Not Within Scope of Representation that may arise, the Trustee will need to consult with and retain other professionals in those areas as the need arises.

9. FFWP's employment as counsel to the Trustee does not include appearances before any court other than this Court and such courts as may hear appeals from this Court.  Nor does it include any appearances before any agency other than the Office of the U.S. Trustee.

**DISINTERESTEDNESS**

6. Except as set forth in the Declaration of Donald W. Fitzgerald (the "Fitzgerald Declaration") and to the best of Mr. Fitzgerald's knowledge, information and belief, FFWP (i) does not have any connections with the Debtor, with its creditors, or with any parties in interest, or with their attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment, and (ii) does not now hold or represent any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders.  None of the connections set forth in the Fitzgerald Declaration are disqualifying connections.

**COMPENSATION**

7. FFWP has agreed to undertake this matter at its standard hourly rates which as of the date of this Application are as follows:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Steven H. Felderstein | Managing Partner | $595 per hour |
| Donald W. Fitzgerald | Partner | $495 per hour |
| Thomas A. Willoughby | Partner | $495 per hour |
| Paul J. Pascuzzi | Partner | $475 per hour |
| Jason E. Rios | Partner | $405 per hour |
| Jennifer E. Niemann | Counsel | $395 per hour |
| Holly A. Estioko | Associate | $350 per hour |
| Karen L. Widder | Legal Assistant | $195 per hour |

1  FFWP also will bill the estate for all reasonable and necessary out-of-pocket expenses incurred as permitted by applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the UST Guidelines.

8. FFWP understands that all compensation is subject to Sections 328, 330 and 331 of the Bankruptcy Code. Notwithstanding anything to the contrary contained in this application and its supporting papers, including the Retention Agreement, FFWP agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the UST Guidelines will apply and prevail.

9. The rates set forth above are subject to annual adjustment upon 30-days' notice to the client. If at any time FFWP increases the rates for its services, FFWP will file a supplemental affidavit with the Court describing such increases, including justification for such, and provide notice of such increases to the United States Trustee and all creditors and parties in interest in the Bankruptcy Case, or such other service as is prescribed by the Court if a limited notice motion is approved. In seeking compensation and out-of-pocket expense reimbursement, FFWP will comply with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the UST Guidelines. Notwithstanding anything in the Retention Agreement to the contrary, interest on compensation or expense reimbursement will not be charged except upon further motion to and order from the Court.

**REPRESENTATION ACKNOWLEDGEMENTS**

10. FFWP's representation of the Trustee pursuant to the application is anticipated to continue past confirmation of a plan of reorganization/liquidation through the closing of the Bankruptcy Case, with withdrawal from such representation at any other time to be allowable only pursuant to an order of this Court.

11. Mr. Fitzgerald has represented both debtors and trustees in Chapter 11 cases for over thirty (30) years and he has always believed, as do his partners, that when taking on such a representation the firm has a fiduciary duty to the Trustee. As the lead Partner on representing the Trustee, Mr. Fitzgerald acknowledges and affirms that by accepting this representation, FFWP acknowledges that it has, and agrees that it has, a fiduciary duty to the Trustee as the Trustee in

the Bankruptcy Case and to the bankruptcy estate and shall act in accordance with its fiduciary duties.

12. FFWP recognizes the duty to disclose connections pursuant to Bankruptcy Rule 2014 is a continuing obligation.

**CONCLUSION**

13. The Trustee believes it is essential that FFWP be employed to provide the services described above and that FFWP be permitted to bill on an hourly basis, subject to the requirements of the Bankruptcy Code for Court approval of professional fees. The Trustee further requests the Court approve the employment of FFWP as counsel for the Trustee effective as of January 22, 2015.

WHEREFORE, based upon the foregoing, the Trustee requests that the Court enter an order authorizing:

1. The employment of Felderstein Fitzgerald Willoughby & Pascuzzi LLP as the Trustee's attorneys on the terms and conditions set forth above effective as of January 22, 2015;

2. FFWP to seek approval of compensation and reimbursement of expenses as often as on a monthly basis; and

3. Such other and further relief as the Court may deem proper.

Dated: January 30, 2015

| THE BANKRUPTCY ESTATE OF SOUZA PROPANE, INC. | FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP |
|---|---|
| By:/s/ David D. Flemmer<br>    DAVID D. FLEMMER<br>    Chapter 11 Trustee | By:/s/ Donald W. Fitzgerald<br>    DONALD W. FITZGERALD<br>    Proposed Attorneys for the Chapter 11<br>    Trustee, David D. Flemmer |